DISABILITY RIGHTS ADVOCATES
STUART SEABORN (Bar No. 198590)
MELISSA RIESS (Bar No. 295959)
REBECCA SERBIN (NY State Bar No. 5273255)*
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
sseaborn@dralegal.org
mriess@dralegal.org
rserbin@dralegal.org

Attorneys for Plaintiffs
*Admitted Pro Hac Vice

FOLGER LEVIN LLP
JIYUN CAMERON LEE (Bar No. 161667)
MARIE JONAS (Bar No. 278952)
SHERRI M. HANSEN (Bar No. 302903)
199 Fremont Street, 20th Floor
San Francisco, CA 94015
Telephone: (415) 625-1050
Facsimile: (415) 625-1091
jlee@folgerlevin.com
mjonas@folgerlevin.com
shansen@folgerlevin.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INDEPENDENT LIVING RESOURCE CENTER SAN FRANCISCO, a California non-profit corporation, JUDITH SMITH, an individual, JULIE FULLER, an individual, SASCHA BITTNER, an individual, TARA AYRES, an individual, and COMMUNITY RESOURCES FOR INDEPENDENT LIVING, a California non-profit corporation;<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, Inc., a Delaware corporation;<br><br>Defendant. | Case No. 3:19-CV-01438-WHA<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>[Fed. R. Civ. P. 26(f), Civ. L.R. 16-9]<br><br>The Honorable William Alsup<br>Conference Date: July 11, 2019<br>Time: 11:00 A.M.<br>Location: San Francisco, Courtroom 12, 19th Floor |

*Independent Living Resource Center San Francisco et al. v. Lyft, Inc.*, **Case No. 3:19-CV-01438**
**JOINT CASE MANAGEMENT STATEMENT**

The Parties to the above-entitled action submit this Joint Case Management Statement pursuant to the Northern District of California's standing order regarding the contents of such statements and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

Plaintiffs assert that this Court has subject matter jurisdiction over Plaintiffs' claims arising under the Americans with Disabilities Act. No personal jurisdiction issues exist as to Plaintiffs or to Defendant, nor are there any issues as to venue. All Parties have been served.

## II. FACTS AND PROCEDURAL HISTORY

### A. **Plaintiffs' Statement**

On March 20, 2019, Plaintiffs filed this class action lawsuit against Lyft, Inc. Lyft is the second largest ridesharing company in the United States. Lyft offers multiple categories of service in California, including transportation in luxury vehicles and in a carpool, but offers no transportation service for Plaintiffs and others who use wheelchairs or other mobility devices and thus require Wheelchair Accessible Vehicles ("WAVs") for transportation. Defendant could modify its policies and practices to make WAV service readily available to Bay Area passengers, as it has begun to do in other cities, but it has not done so. Indeed, Lyft offers no WAV service at all through its mobile application.

While California's Public Utilities Commission has taken initial steps to engage in regulatory oversight of ride sharing companies, it has made clear that its regulations do not in any way limit a ridesharing company from complying with its obligations under federal disability access laws such as the Americans with Disabilities Act, nor does it limit the rights of any persons, including Plaintiffs, to pursue remedies under those laws against any ride sharing company:

> "Nothing in this section shall limit the rights of any person to pursue any remedies or causes of action that they may have under any state or federal law to enforce compliance with those laws or the obligations stated in this section. Nothing in this section shall be construed to expand or limit any obligations, if any, of a transportation network company under existing state or federal disability access laws." Cal. Pub. Util. Code § 5440.5(d)

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    Further, nothing in the Commission's regulatory scheme prevents or is even inconsistent
2 with Plaintiffs' request that Lyft modify its policies and practices to provide persons who need
3 WAVs access to its on-demand transportation. Indeed, the PUC allows ridesharing companies to
4 be exempt from paying into the Commission's access fund and other regulatory requirements if
5 they provide accessible service on their own. *See* Cal. Pub. Util. Code § 5440.5(a)(1)(G).

6    **B.    Defendant's Statement**

7    For decades, public and private entities have struggled to provide transportation options
8 to individuals who are unable to ride a standard passenger car and instead must rely on WAVs.
9 The issue presented in this lawsuit is whether Lyft, a private entity, is required under the ADA to
10 provide WAV service on its platform. Lyft is committed to increasing transportation options for
11 individuals with disabilities, and firmly believes that public and private entities, working
12 together, should come up with a solution to address the transportation needs of individuals with
13 disabilities. However, Lyft believes the answer to the specific question of whether the ADA
14 compels it to provide WAV service is that the statute does not mandate such a result.

15    Lyft operates an app-based, peer-to-peer marketplace that connects drivers with riders.
16 Lyft's innovative, technology driven platform depends on supply and demand: a supply of
17 drivers who are willing to offer rides in their privately owned or leased vehicles, and a demand
18 by riders who elect to obtain rides from these drivers.

19    Plaintiffs allege that the ADA requires Lyft to make WAV service "readily available."
20 Notably, Plaintiffs do *not* seek an order requiring Lyft to purchase WAV vehicles. Complaint,
21 ¶ 6. There is a reason Plaintiffs do not seek such an order: it is that the ADA specifically exempts
22 private entities, even if they are engaged in the business of providing transportation services,
23 from the requirement of purchasing WAVs unless the vehicle has a seating capacity of 8 or more
24 passengers. *See, e.g.,* 42 U.S.C. § 12184(b)(3). Notwithstanding this specific exemption,
25 Plaintiffs allege that the ADA requires Lyft to otherwise modify its "policies and practices" to
26 provide WAV service.

27    While Lyft disagrees with Plaintiffs and believes that the ADA does not require Lyft to
28 modify its policies and practices to provide WAV service, whether "readily available" WAV

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

service can be achieved is a complex matter that is currently being addressed through recent legislation and a statewide regulatory rulemaking process. In California, the activities of Transportation Network Companies ("TNCs") such as Lyft are subject to regulation by the California Public Utilities Commission ("CPUC"). Pursuant to the Senate Bill 1376, TNC Access for All Act, which was signed into law in September 2018, the CPUC recently established the TNC Access for All Fund (the "Access Fund"). *See* Cal. Pub. Util. Code § 5440.5(a)(1)(C). The Access Fund will be funded by a per-trip fee of 10 cents for each TNC trip completed, and the money collected for the Access Fund is intended to be used by TNCs to improve WAV services. In conjunction with the establishment of the Access Fund, the CPUC has commenced a rulemaking process with the input of various stakeholders (including cities and counties, disability rights organizations, transit agencies, paratransit coordinating councils, and TNCs), to consider topics such as community WAV demand and supply, maintenance and fuel costs for WAVs, appropriate subsidies for WAV rides, and integration of WAV service into city and county transportation plans. *Id.,* § 5440.5(a)(1)(A).

Ultimately, Lyft believes that expanding WAV options is a matter best resolved by state and local government entities, with the input of various stakeholders (such as transit agencies, disability rights organizations and TNCs) and consideration of various issues unique to each community (such as population density, supply and demand). Lyft does not believe that this is a matter that is subject to the ADA.

### III.   LEGAL ISSUES

The Parties anticipate disputes regarding:

1. Whether Lyft is subject to regulation under the ADA as a public accommodation or as a private entity that is primarily engaged in the business of transporting people;

2. Whether the ADA requires Lyft to ensure that WAVs are on its on-demand platform;

3. Whether requiring Lyft to take certain steps, such as offering monetary incentives to drivers, among other modifications to its policies and practices, constitutes

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

requiring Lyft to modify its "policies, practices, or procedures" under the ADA, 42 U.S.C. §§ 12182(b)(2)(A)(ii), 12184(b)(2)(A);

4. Whether requiring Lyft to take certain steps, such as offering monetary incentives to drivers, among other modifications to its policies and practices, constitutes a "reasonable modification" of its "policies, practices, or procedures" under the ADA, 42 U.S.C. §§ 12182(b)(2)(A)(ii), 12184(b)(2)(A);

5. Whether requiring Lyft to take certain steps, such as offering monetary incentives to drivers, among other modifications to its policies and practices, would result in a fundamental alteration of the nature of goods, services, facilities, privileges, advantages, or accommodations offered by Lyft, 42 U.S.C. §§ 12182(b)(2)(A)(ii), 12184(b)(2)(A);

6. Whether Plaintiffs' claims are subject to class treatment.

### IV.   MOTIONS

The Parties have not filed any motions. If the Parties are unable to negotiate a settlement, Plaintiffs plan to move for class certification and are considering moving for partial summary judgment on one or more issues, and Defendant intends to move for summary judgment.

### V.   AMENDMENT OF PLEADINGS

No amendments are currently pending. Plaintiffs do not currently anticipate amending the complaint.

### VI.   EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Related to the Discovery of Electronically Stored Information and have met and conferred under Fed. R. Civ. P. 26(f) regarding evidence preservation.

### VII.   DISCLOSURES

The Parties have agreed to exchange initial disclosures on August 30, 2019.

### VIII.   DISCOVERY

The Parties have discussed the possibility of entering into a stipulation regarding how electronically stored information should be produced, but have not yet determined whether this

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

will be necessary or what the contours of such a stipulation should be. The Parties will meet and confer on this topic further as needed. The Parties agree that service by email shall for all purposes constitute service by hand.

### A. Plaintiffs' Position:

Plaintiffs appreciate Lyft's willingness to engage in early resolution discussions with a neutral and are looking forward to productive discussions in the 45-day window the parties have agreed to dedicate to early resolution, as described in Section XII below. However, to the extent the parties do not reach a meeting of the minds regarding resolution during that time period, Plaintiffs intend to propound written discovery and to notice depositions—including depositions of 30(b)(6) witnesses shortly thereafter.

Plaintiffs anticipate conducting discovery on topics including, but not necessarily limited to, the following: (1) Defendant's control over Lyft drivers and other aspects of the transportation provided through the Lyft App; (2) Defendant's efforts to provide WAV service or consider providing WAV service in the Bay Area; (3) Defendant's financial resources; (4) the feasibility of modifications to Defendant's policies and practices that would make sufficient WAVs available through Defendant's on-demand transportation service so that Plaintiffs and class members would have full and equal access to that service; and (5) Defendants' efforts to provide and improve WAV service in markets where such service is currently available through the Lyft App, and the success of those efforts.

### B. Defendant's Position

Defendant anticipates conducting discovery on topics including, but not necessarily limited to, the following: (1) utilization of WAVs by individual plaintiffs and members of organizational plaintiffs; (2) information and data regarding WAV demand in the Bay Area; (3) information and data regarding existing WAVs and WAV drivers in the Bay Area, including such drivers' interest in driving on the Lyft platform; (4) participation by Plaintiffs in CPUC and/or other WAV-related proceedings.

Defendant also anticipates third party discovery will be required, including from transportation agencies and paratransit providers on the subjects listed above, as well as on the

*Independent Living Resource Center San Francisco et al. v. Lyft, Inc.*, **Case No. 3:19-CV-01438**
**JOINT CASE MANAGEMENT STATEMENT**                                                            5

cost of providing WAV service.

## IX.    CLASS ACTION

Pursuant to Federal Rule of Civil Procedure 23(b)(2), Plaintiffs have brought this case on behalf of a class consisting of individuals in San Francisco County, Alameda County, and Contra Costa County who are disabled because of a mobility impairment, use wheelchairs or other mobility devices and therefore use Wheelchair Accessible Vehicles ("WAVs") for transportation, and who have been and continue to be deterred from using Lyft's transportation service due to Lyft's discriminatory acts and practices. Excluded from the Class is any individual who has previously utilized Lyft and/or has downloaded the Lyft application, and Lyft's officers and employees.

The claims asserted in Plaintiffs' complaint are solely for injunctive and declaratory relief for Plaintiffs and the class. Plaintiffs' complaint does not include damages. Further, Defendant's allegedly discriminatory conduct—failing to modify its policies and practices in order to provide WAV service—applies in the same way to both Plaintiffs and the class, thus making final declaratory and injunctive relief appropriate for both groups.

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements. Plaintiffs propose to move for class certification following receipt of the initial discovery described in Section VIII above. Defendants, on the other hand, believe that any motion for class certification should be considered after the completion of all discovery, including expert discovery.

## X.    RELATED CASES

The parties are aware of another case involving claims by persons needing wheelchair accessible vehicles, *Lowell v. Lyft, Inc.*, 7:17-cv-06251-NSR-LMS, currently pending in the United States District Court for the Southern District of New York. The *Lowell* plaintiffs pled their case on behalf of a putative nationwide class of people who use WAV service, but they have not yet filed a motion to certify that class. Defendant intends to vigorously oppose any such effort to certify a nationwide class. At this time, the Parties are not aware of any reason that the scheduling of this action should be impacted by the *Lowell* action.

# XI. RELIEF

Plaintiffs seek declaratory relief as well as a permanent injunction requiring Defendant to take remedial measures to mitigate Defendant's past and ongoing violations of federal disability access law, including, at minimum, an injunction requiring Defendant to:

- Modify its policies and practices to ensure that persons who use wheelchairs, including Plaintiffs, are able to use Lyft's on-demand transportation service on a basis that is as full and equal to that which is available to other members of the general public as is feasible.

Plaintiffs will also seek reasonable attorneys' fees and costs.

# XII. SETTLEMENT AND ADR

The Parties have discussed having a third party facilitate settlement discussions and have allocated approximately 45 days to do so prior to the triggering of remaining dates in the litigation calendar. The Parties are in the process of meeting and conferring regarding the selection of a third party, and expect to schedule a session within that 45-day period. Both Parties are in the process of complying with ADR Local Rule 3-5.

# XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to a magistrate judge.

# XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

# XV. NARROWING OF ISSUES

**A.    Plaintiffs' Position:**

Plaintiffs believe the issues in dispute can be narrowed by bifurcating the liability and remedy phases of this case. Regarding liability, there is no question that Lyft is not providing full and equal access to its service to persons who need WAVs, and, under the ADA, Lyft has the burden of presenting evidence to provide that doing so would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations offered by Lyft *See* 42 U.S.C. §§ 12182(b)(2)(A)(ii).  It would therefore be most efficient for the parties and the Court

to assess first whether there has been a denial of full and equal access and whether Lyft has met its burden of proof regarding its fundamental alteration defense before making a determination on an appropriate remedy. Upon a finding of liability, the parties can meet and confer to explore appropriate policy and practice modifications needed to provide reasonably equivalent access for WAV users to Lyft's service and, to the extent the parties cannot reach agreement, they may be able to narrow the issues regarding disputes on particular policy and practice modifications, thus streamlining further litigation and determination by the Court on appropriate remedies.

**B.     Defendant's Position:**

Defendant does not agree that the issues of liability and remedy can be bifurcated. Plaintiffs allege that Lyft has engaged in discrimination, and the ADA defines "discrimination" to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

42 U.S.C. §§ 12182(b)(2)(A)(ii), 12184(b)(2)(A). Under this provision, the issue of remedy – such as whether Lyft should be compelled to offer incentives to drivers to have them provide WAV service – is inextricably linked to the issue of liability – such as whether the nature or amount of driver incentive allegedly required under the ADA constitutes a "reasonable modification" of Lyft's policies, practices and procedures, and/or whether making such modification would fundamentally alter the nature of goods, services, facilities, privileges, advantages, or accommodations offered by Lyft.

## XVI.   EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case can proceed on an expedited schedule.

## XVII.  SCHEDULING

The Parties propose that the Court calendar the following litigation deadlines:

- Fact Discovery closes: March 2, 2020
- Expert Discovery Deadlines:

- o   Initial Disclosures: March 24, 2020
- o   Rebuttal Disclosures: April 27, 2020
- o   Expert Discovery Closes: May 25, 2020
- Dispositive Motion Hearing Deadline: July 16, 2020
- Final Pre-trial Conference:  September 23, 2020
- Trial: October 26, 2020

## XVIII. TRIAL

Neither party has requested a jury trial. If this case proceeds to trial, the Parties anticipate that a trial would last approximately 5 days.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant has filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 confirming that as of June 21, 2019, the only other additional interest to report other than the named parties is Rakuten, Inc. Plaintiffs have filed the same, confirming that as of March 21, 2019, other than the named parties, there is no such interest to report.

## XX.   PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

None.

DATED:  July 3, 2019

Respectfully Submitted:

[signature]

_____
Stuart Seaborn
DISABILITY RIGHTS ADVOCATES
Attorneys for Plaintiffs


    /s/ Jiyun Cameron Lee
Jiyun Cameron Lee
FOLGER LEVIN LLP
Attorneys for Defendant
Lyft, Inc.

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), I attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

DATED: July 3, 2019

                                        */s/ Jiyun Cameron Lee*
                                        Jiyun Cameron Lee

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Independent Living Resource Center San Francisco et al. v. Lyft, Inc.*, Case No. 3:19-CV-01438
**JOINT CASE MANAGEMENT STATEMENT**     10