DISABILITY RIGHTS ADVOCATES
STUART SEABORN (Bar No. 198590)
MELISSA RIESS (Bar No. 295959)
REBECCA SERBIN (NY State Bar No. 5273255)*
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
sseaborn@dralegal.org
mriess@dralegal.org
rserbin@dralegal.org

Attorneys for Plaintiffs
*Admitted Pro Hac Vice

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INDEPENDENT LIVING RESOURCE CENTER SAN FRANCISCO, a California non-profit corporation, JUDITH SMITH, an individual, JULIE FULLER, an individual, TARA AYRES, an individual, and COMMUNITY RESOURCES FOR INDEPENDENT LIVING, a California non-profit corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>LYFT, Inc., a Delaware corporation,<br><br>    Defendant. | Case No. 3:19-CV-01438-WHA<br><br>**DECLARATION OF JUDITH SMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Honorable William Alsup |

I, Judith Smith, hereby declare:

1. I make this declaration based on my personal knowledge and, if called to testify, I could and would testify as follows:

2. I live in Oakland, California in Alameda County.

3. I have a physical disability that limits my ability to walk.

4. Because of my physical disability, I use a motorized wheelchair. As a result, I need a Wheelchair Accessible Vehicle (WAV) in order to travel by car.

**LYFT DISCRIMINATES AGAINST ME BY NOT OFFERING ON-DEMAND WAV SERVICE IN MY AREA**

5. I have a smartphone, but have not downloaded the Lyft App because I have heard from other wheelchair users that there are no wheelchair accessible Lyfts in my area. I am active in the East Bay disability community, and it is common knowledge in that community that Lyft dos not provide accessible service.

6. Early in Lyft's existence, I was excited by the prospect of finding transportation more easily, but quickly learned from friends and former colleagues about the lack of accessible vehicles on Lyft. Since that time, I have watched several people attempt to call a wheelchair accessible Lyft, but none has ever succeeded.

7. As a result, I concluded it would be futile to download the app.

8. If they were accessible to me, I would be able to use Lyfts in the same situations as would someone who does not need a WAV. I would order Lyfts to and from the airport, when I am out late at night, when I want to travel to high-density places like San Francisco where parking is limited, or to places that are far from public transportation, in inclement weather, or when health reasons prevent her from driving.

9. In these situations, I am left without any alternative transportation and therefore must stay at home or suffer arduous transportation delays and other indignities from not having access to the same service as Lyft users who do not use accessible vehicles.

10. For example, I traveled out of town earlier this fall, and it would have been great to have the option of calling a Lyft to take me to the airport instead of having to deal with the

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

*Independent Living Resource Center San Francisco et al. v. Lyft, Inc.*, **Case No. 3:19-CV-01438**
**Declaration of Judy Smith in Support of Plaintiffs' Motion for Class Certification**       **1**

expensive parking at SFO. I also traveled to Sacramento earlier this year for a training and would have preferred to travel by Amtrak instead of driving, but it was too much of a hassle to arrange accessible transportation to the train station. If I'd had the option, it would have been easy to just take a Lyft to the train station like anybody else.

## ABILITY TO SERVE AS A CLASS REPRESENTATIVE

11. I understand that if I am appointed as a class representative in this case, I have a duty to represent not just my own interests in this lawsuit, but also the interests of all class members.

12. My goal in this case is for Defendants to comply with the law and take the steps necessary to provide on-demand WAV service in the Bay Area.

13. I have been actively involved in the prosecution of this litigation and have read the Complaint. My interests in this case are not antagonistic to the interests of the members of the proposed class.

14. I am not aware of any facts or circumstances that would limit my ability to be a plaintiff or represent the class in this case. To my knowledge I have no conflict of interest with any class member or the class as a whole that would prevent me from carrying out my duties as class representative.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November _29__, 2019 in _Oakland__, California.

*[signature]*

Judith Smith

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644