UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT LIVING RESOURCE CENTER SAN FRANCISCO, JUDITH SMITH, JULIE FULLER, TARA AYRES, SASCHA BITTNER, and COMMUNITY RESOURCES FOR INDEPENDENT LIVING, a California non-profit corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>LYFT, INC.,<br><br>        Defendant. | No. C 19-01438 WHA<br><br>**ORDER RE MOTION FOR CLASS CERTIFICATION** |

## INTRODUCTION

In this ADA action, the putative class moves for class certification. For the reasons stated below, the motion is **DENIED.**

## STATEMENT

Defendant Lyft, Inc. provides on-demand ridesharing transportation services. Lyft offers multiple vehicle options as part of its service such as Lyft (basic rideshare), Lux (high-end vehicle), and Lyft XL (larger cars). In some regions of the United States, Lyft also provides riders with the option of activating a "Wheelchair access" mode to indicate their need for a wheelchair-accessible vehicle (WAV) (Compl. ¶¶ 26, 27).

Lyft does not offer WAV services in Alameda County or Contra Costa County. Lyft did, however, recently initiate a WAV program with at least five WAV vehicles in San Francisco (Munoz Decl. ¶ 16). This service is allegedly more restrictive than the service for non-WAV

1  users.  Specifically, the wait times for WAV users are longer and do not operate 24-hours-a-
2  day.
3      Plaintiff Independent Living Resource Center San Francisco is a disability rights
4  organization in San Francisco.  Plaintiff Community Resources for Independent Living is a
5  disability rights organization in Hayward (Compl. ¶ 9).
6      Plaintiffs Judith Smith, Julie Fuller, Sascha Bittner, and Tara Ayres are all disabled
7  individuals who use motorized wheelchairs.  Plaintiffs do not use Lyft because they believe
8  doing so would be futile.  Without access to Lyft, plaintiffs are unable to lead an active life (*Id.*
9  ¶¶ 10–13).
10     Based on the foregoing, plaintiffs filed the instant action in March 2019 alleging a
11 violation of the ADA and requesting declaratory and injunctive relief.  Plaintiffs now seek to
12 certify the following class (emphasis added):

> All individuals in San Francisco County, Alameda County, and Contra Costa County who are disabled because of a mobility impairment, use wheelchairs or other mobility devices and therefore need Wheelchair Accessible Vehicles ("WAVs") for transportation, *and who have been and continue to be deterred from using Lyft's transportation service due to Lyft's failure to provide equivalent transportation services for WAV users in those counties.  Excluded from the class is any individual who has downloaded the Lyft application*.

## ANALYSIS

**1.    STANDING.**

Standing is a threshold issue that must first be addressed.  "To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  For a class certification motion, unlike at the pleading stage, plaintiffs must establish standing through evidentiary proof.  *See Comcast Corp. v. Behrend,* 133 S.Ct. 1426, 1432 (2013).

Here, plaintiffs allege that Lyft discriminates by failing to adopt certain reasonable modifications to its policies, practices, or procedures in violation of Title III of the ADA.  Title III provides, that "[n]o individual shall be discriminated against on the basis of disability in the

full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce." 42 U.S.C. § 12184(a). To prevail, plaintiffs must show the following: (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674, 683 n.38 (2001).

Defendant argues that plaintiffs here have failed to establish standing by failing to point to any policy or practice that would rectify the alleged discriminatory conduct. Significantly, plaintiffs are not asking Lyft to acquire WAVs, *which acquisitions the ADA does not require.* 49 C.F.R. Pt. 37, App'x D; *see also* 42 U.S.C § 12184(b)(3). Instead, plaintiffs argue more abstractly that Lyft should have modified its policies by, for example, "creat[ing] additional incentives for WAV drivers" or utiliz[ing] its partnerships with car rental companies to incentivize drivers to secure WAVs."

Two courts that have considered standing in a similar context at the pleading stage have found that the possibility of a defendant providing monetary incentives for drivers to drive WAV vehicles or contracting with third-party WAV drivers sufficient in demonstrating a redressable injury for purposes of standing. *See e.g., Crawford v. Uber Techs., Inc.,* 2018 WL 1116725, at *3 (N.D. Cal. Mar. 1, 2018) (Judge Richard Seeborg); *Access Living of Metro. Chicago v. Uber Techs., Inc.*, 351 F.Supp. 3d 1141, 1158 (N.D. Ill. Dec. 17, 2018) (Judge Manish Shah). Although the standard is higher at the class certification stage, plaintiffs here have provided evidence of Lyft's contracts with third parties to provide WAVs to demonstrate that there are viable changes that Lyft could make, and accordingly that the alleged harm is redressable through the ADA. At this stage in the litigation, such evidence is sufficient for standing.

### 2. CLASS CERTIFICATION

Pursuant to FRCP 23(a), for a named plaintiff to obtain class certification, the court must find: (1) numerosity; (2) common questions of law or fact; (3) typicality; and (4) adequacy of the class representatives and counsel. In addition to satisfying FRCP 23(a)'s prerequisites, the party seeking class certification must show that the action is maintainable under FRCP 23(b)(1), (2), or (3). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997). Plaintiffs seek certification under FRCP 23(b)(2), which is allowed only when a single injunction or declaratory judgment would provide relief to each member of the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61 (2011). Plaintiffs do not need to specify the "precise injunctive relief" they seek, but rather the "general contours of an injunction that would provide relief." *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 972 (9th Cir. 2019) (citations omitted).

Numerosity is satisfied by showing that "the class is so numerous that joinder of all members is impracticable." FRCP 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least forty members. *Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. 2010). Plaintiffs have provided declarations from eight WAV users as well as a San Francisco Metropolitan Transportation Agency report stating there are 5,000 wheelchair users in San Francisco alone, and that approximately 29,500 use motorized wheelchairs or scooters in the county. These numbers, if accurate and specific enough, easily satisfy numerosity.

Defendant, however, correctly contends plaintiffs' showing is too speculative to establish numerosity. Plaintiffs' proposed class would be made of individuals in San Francisco County, Alameda County, and Contra Costa County who need WAVs, are deterred from using Lyft due to Lyft's failure to provide WAVs, and have not downloaded Lyft for that reason. Although our court of appeals has held that there is no explicit requirement in Rule 23 that a proposed class be ascertainable, specifically that "there is no free-standing requirement" that a class be "administratively feasible," one of the issues with the putative class here is that there may be a myriad of reasons WAV users stop short of downloading the Lyft app other than Lyft's failure

4

to provide WAV vehicles, making it difficult to accurately determine who belongs in the class. *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 929 (9th Cir. 2018), cert. denied, 139 S. Ct. 2743 (2019). Plaintiffs contend that even though the SFMTA report does not account for this distinction, numerosity is still satisfied because, for example, the SF Paratransit Taxi program provided between 400 and 1,000 subsidized WAV rides per month between January 2011 and January 2019. Without any further evidence, plaintiffs say that of the 29,500 wheelchair users in the listed Bay Area Counties, at least 40 of them could benefit from Lyft and WAV vehicles. But which 40 those would be is impossible to tell, and we would never know who is bound by the judgment in this case.

Not only is it difficult to ascertain who belongs in the putative class based on the proposed definition, another problem is that it presupposes what must be proven on the merits in specifying: "and who have been and continue to be deterred from using Lyft's transportation service due to Lyft's failure to provide equivalent transportation services for WAV users in those counties." This presupposes that Lyft has failed to provide equivalent equipment and worse, that the failure has "deterred" them from riding Lyft. We would need a more objective definition that doesn't presuppose who wins and presupposes deterrence

Accordingly, the motion for class certification is **DENIED**. This order will not and need not address the remaining factors for class certification.

## CONCLUSION

For the reasons stated above, the motion for class certification is **DENIED**. This order is without prejudice to a subsequent re-try at certification with a better class definition. It is also without prejudice to the possibility that plaintiffs can independently seek relief under the ADA that may possibly overlap with systemic relief.

**IT IS SO ORDERED.**

Dated: March 6, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE