1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


INDEPENDENT LIVING RESOURCE
CENTER SAN FRANCISCO, et al.,

       Plaintiffs,

   v.

LYFT, INC.,

       Defendant.

No.  C 19-01438 WHA


**ORDER DENYING RENEWED
MOTION FOR CLASS
CERTIFICATION**

The elephant in the room is the class action waiver and agreement to arbitrate.  Although we are on the second round of class certification motions, the Court has only just become aware of the elephant in the room, *i.e.,* the class action waiver and arbitration agreement.  This explains why plaintiffs' counsel chose a proposed class definition focused on those who had not downloaded the Lyft app, and excluded actual Lyft customers who had downloaded the app because they would have been subject to the class action waiver and agreement to binding arbitration.

The Court has found the proposed class definitions (on both the first motion and the current motion) to be convoluted and hard to apply.  The emergence of the waiver and arbitration requirement means that any class that includes those who have downloaded the Lyft app would be subject to binding arbitration and would have to be removed from class actions. It is highly doubtful that such a class, even like the one the Court proposed below, should be certified even under Rule 23(b)(2):

> All adults in San Francisco, Contra Costa, and Alameda County who use wheelchair accessible vehicles due to their disability and have downloaded or will have downloaded the Lyft app by the end of this litigation.

Plaintiffs reply that the existence of class action waivers and binding arbitration provisions is not fatal to class certification. Our court of appeals has not ruled on this issue in any published decisions, although some judges in our district have. Those cases from our district can, however, be distinguished. For example, plaintiffs have cited to *Herrera*, a mortgage case in which Judge Henderson ruled that class certification should not be denied on the ground that some class members may have signed arbitration agreements. *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 681 (N.D. Cal. 2011) (Judge Thelton Henderson). Similarly, in *Ehret* Judge Chen found that the question of whether an absent class member would be bound by an arbitration clause could be dealt with on a class-wide basis and did not preclude certification. *Ehret v. Uber Techs.*, Inc., 148 F. Supp. 3d 884, 902 (N.D. Cal. 2015) (Judge Edward Chen).

It is true that the plaintiffs in the above cases sought certification under Rule 23(b)(3) where predominance is required, whereas here plaintiffs only seek certification under Rule 23(b)(2) where predominance is not required. Recognizing that arbitrability is ultimately up to the arbitrator to decide (when there is a clear and unmistakable delegation provision), it does not change the fact that as a practical matter Lyft has presented evidence of, at least on its face, a valid and enforceable binding arbitration provision *and* a class action waiver that other courts have upheld (Dkt. No. 100). Certifying a class of those who have downloaded the app (and are thus subject to these provisions) would simply lead to interminable satellite litigation over who would be subject to the waiver. *See O'Connor v. Uber Techs*, 904 F.3d 1087, 1094-95 (9th Cir. 2018).

The question that remains then is whether a class could be constructed that will define away the problem of the class action waiver and binding arbitration provisions. Plaintiffs' proposed class definition here, as follows, like their first proposed class definition, presupposes what must be proven on the merits:

> Individuals who use wheelchair accessible vehicles ("WAVs") due
> to their mobility disability and have been or will be denied access
> to Lyft's on demand transportation service in San Francisco,
> Alameda and Contra Costa Counties due to the lack of available
> WAVs through Lyft's service.

Additionally, this definition, like the previous proposed definition, fails to satisfy, among other requirements, the numerosity requirement partially because it is still too speculative. Numerosity is satisfied by showing that "the class is so numerous that joinder of all members is impracticable." Rule 23(a)(1). Our court of appeals has additionally held that there is no explicit requirement in Rule 23 that a proposed class be ascertainable. *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 929 (9th Cir. 2018), cert. denied, 139 S. Ct. 2743 (2019). Plaintiffs here have submitted census data showing that 29,500 individuals use mobility devices (including wheelchairs) in the Bay Area as well as declarations from 25 putative class members. These numbers would normally easily satisfy numerosity. The problem here is that after excluding those who have downloaded app, there would remain many thousands of disabled individuals who use wheelchairs but have chosen not to download the Lyft app for a variety of subjective reasons such as a lack of financial resources to pay for Lyft rides, not owning a smartphone, or even preferring other forms of transit. *See e.g.,* Fuller Depo. at 34; Bittner Depo. at 38; Hinze Depo. at 17. It is impossible to say with reasonable assurance who of these individuals would be in the class described by plaintiffs (*i.e.,* those who are "denied service" from Lyft due to a "lack of available service") and who wouldn't be (*i.e.,* not using Lyft for other reasons).

*             *             *

During oral argument on the motion, the Court asked Lyft's counsel why it would not prefer to have a class certified so that class members would be bound by the outcome in the event Lyft prevails at trial and thus unable to sue individually later on due to *res judicata*. Lyft's counsel stated that they were "willing to take that chance" and continued to oppose class certification. Thus, when we dispose of this case on the merits, only the named plaintiffs will be bound by the outcome, and any other individuals will be free to sue on the same issues without the barrier of *res judicata*. In addition, although Lyft may try to settle with the

3

individual plaintiffs, counsel should not in any way try to settle on a class-wide basis, having

spurned that opportunity.  The renewed motion for class certification is **DENIED**.


     **IT IS SO ORDERED.**


Dated:  November 19, 2020.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE