UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INDEPENDENT LIVING RESOURCE
CENTER SAN FRANCISCO, et al.,

        Plaintiffs,

  v.

LYFT, INC.,

        Defendant.

No. C 19-01438 WHA

**ORDER RE MOTIONS TO SEAL**

In connection with the bench trial, both parties moved to file under seal certain exhibits to their briefing. Because the underlying briefing was more than tangentially related to the merits of the case, compelling reasons are required to warrant sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Compelling reasons having been shown, the narrowly-tailored requests to seal portions of the documents listed below are **GRANTED**. Except to the extent stated below, the requests to seal are **DENIED**.

Plaintiffs' request to file under seal portions of their Request for Judicial Notice Re Mathematical Equation Results and SEC filing is **DENIED WITHOUT PREJUDICE** for lack of supportive declaration pursuant to our Civil Local Rules 79-5(e)[*] (Dkt. No. 186). Plaintiffs

---

[*] Note that our new Civil Local Rules became effective on November 1. This order has assessed the merits under the standards set forth in the prior version, applicable when parties filed their motions.

shall postpone filing any unredacted versions of documents ordered unsealed for seven days. Defendant Lyft may have **SEVEN DAYS** from the date of this order to **SHOW CAUSE** why it did not timely respond in support of sealing portions of the exhibits to Dkt. No. 186 Exhs. 1 and 2.

Though Lyft was allowed to keep confidential certain information about its ride data at summary judgment, and though Lyft has articulated a need to retain confidentiality to avoid competitors "reverse-engineering" price and algorithm features, this trial focused on the cost to Lyft of its WAV rides (*see* Dkt. No. 200-1 ¶¶ 4–7). Evidence of costs in other cities factored centrally in the analysis of the merits, as did evidence of Lyft's attempts and ideas about how to reduce costs and the feasibility of those efforts. Our Findings of Fact and Conclusions of Law included only the information that *ultimately* proved necessary to resolve plaintiffs' claims, but it does not account for all evidence essential to the Findings. In charting a path through the evidence, this Court was required to weigh all admitted evidence for its potential bearing on the ultimate question. Sealing will be denied only for the most salient information.

With the exception of Dkt. No. 186, Exhs. 1 and 2, all revised materials shall be filed within **TWENTY-ONE DAYS** of this order.

| DOCUMENT | PORTIONS SOUGHT TO BE SEALED | PORTIONS TO BE SEALED |
|---|---|---|
| Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Plaintiffs') | Highlighted portions of pages 6, 10, 12. | Highlighted portions of ¶¶ 56, 105. |
| Exhibit 2 (contract between Defendant and Hertz dated February 24, 2020) to the Declaration of Marie Jonas in Support of Defendant Lyft, Inc.'s Motions in Limine | Entire document | The entire document shall be filed publicly except for portions of: Sections 3.1; Section 3.2 (*only* "Hertz will acquire . . . follows:"); Section 5.1; Section 6.1–6.3; Schedule 3. |
| Exhibit G (contract between Defendant and Hertz dated February 24, 2020) to the Declaration of Michelle Iorio in Support of | Entire document | As stated above, the entire document shall be filed publicly except for portions of: |

2

| | | | |
|---|---|---|---|
| Plaintiffs' Oppositions to Defendant's Motions in Limine | | | Sections 3.1; Section 3.2 (*only* "Hertz will acquire . . . follows:"); Section 5.1; Section 6.1–6.3; Schedule 3. |
| Exhibit J to the Declaration of Michelle Iorio in Support of Plaintiffs' Oppositions to Defendant's Motions in Limine | | Entire document | Entire document |
| Exhibit K to the Declaration of Michelle Iorio in Support of Plaintiffs' Oppositions to Defendant's Motions in Limine | | Entire document | Highlighted portions of: Page 1 ("Goals . . . California)" and The remainder of page 1 *except* "In the last month . . . rides)"); Page 2 (First bullet and the first figure *only*); Page 3 (the row beginning "bookings"; item no. 4 under "Principles"; items nos. 1 and 3 under "Initiatives"); Page 4. |
| Exhibit 1 (April 30, 2021 Expert Report of Alice Grossman, Ph.D.) to the Declaration of Marie Jonas in Support of Defendant Lyft, Inc.'s Motion in Limine No. 5 to Exclude the Opinions of Alice Grossman, Ph.D. | | Highlighted portions. | All contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |
| Exhibit 2 (May 10, 2021 Rebuttal Expert Report of Marc Rysman, Ph.D.) to the Declaration of Marie Jonas in Support of Defendant Lyft, Inc.'s Motion in Limine No. 5 to Exclude the Opinions of Alice Grossman, Ph.D. | | Highlighted portions. | All contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |

3

| | | |
|---|---|---|
| Exhibit A (April 30, 2021 Expert Report of Alice Grossman, Ph.D.) to the Declaration of Melissa Riess in Support of Plaintiffs' Opposition to Defendant Lyft's Motion in Limine No. 5 to Exclude the Opinions of Alice Grossman, Ph.D. | Highlighted portions. | As stated above, all contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |
| Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted portions of page 6 | None. |
| Exhibit A (April 30, 2021 Expert Report of Alice Grossman, Ph.D.) to the Declaration of Melissa Riess in Support of Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted portions. | As stated above, all contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |
| Exhibit B (May 10, 2021 Rebuttal Expert Report of Marc Rysman, Ph.D.) to the Declaration of Melissa Riess in Support of Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted portions. | As stated above, all contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |
| Exhibit C (May 12, 2021 Excerpts from the Deposition Transcript of Marc Rysman, Ph.D.) to the Declaration of Melissa Riess in Support of Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted Portions | None. |
| Defendant Lyft Inc.'s Opposition to Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted portions of page 3 | Consistent with the above ruling on Dr. Rysman's report, this shall be filed publicly because it is central to the determination of whether other cities provided comparable examples of WAV models. |

4

| | | |
|---|---|---|
| Plaintiffs' Updated Proposed Findings of Fact and Conclusions of Law | Highlighted portions of pages 7, 9, 12, 13, 14, 15. | Portions highlighted of ¶ 130. The remainder of the highlighted portions shall be filed publicly because it is essential to the merits. |
| Plaintiffs' Motion in Limine No. 4 | Page 6, line 16 | None. |
| Exhibit A (April 30, 2021 Expert Report of Alice Grossman, Ph.D.) to the Declaration of Melissa Riess in Support of Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted portions of pages 14, 15, 16, 17, 21, 22, 23, 24, 25, 28. | As stated above, all contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |
| Exhibit B (May 10, 2021 Rebuttal Expert Report of Marc Rysman, Ph.D.) to the Declaration of Melissa Riess in Support of Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted portions of pages 7, 11, 12, 19, 20. | As stated above, all contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |
| Exhibit C (May 12, 2021 Excerpts from the Deposition Transcript of Marc Rysman, Ph.D.) to the Declaration of Melissa Riess in Support of Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted portions of pages 72, 106 | None. |
| Defendant's Opposition to Plaintiffs' Motion in Limine No. 4 to Exclude Testimony of Dr. Marc Rysman | Highlighted portions of page 3 | Consistent with the above ruling on Dr. Rysman's report, this shall be filed publicly because it is central to the determination of whether other cities provided comparable examples of WAV models. |

| | | |
|---|---|---|
| Plaintiffs' Proffer of Evidence Regarding Comparability of Jurisdictions | Highlighted material on page 4, 5, and 6, email excerpts on pages 5, 6, and 7. | The email addresses, phone numbers, and any other contact information may be redacted. The remainder of the document, including the highlighted materials on pages 4, 5, and 6, shall be filed publicly. |
| Exhibit A (April 30, 2021 Expert Report of Alice Grossman, Ph.D.) to the Declaration of Melissa Riess in Support of Plaintiffs' Proffer of Evidence Regarding Comparability of Jurisdictions | Highlighted portions of pages 14, 15, 16, 17, 21, 22, 23, 24, 25, 28. | As stated above, all contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |
| Exhibit B (Deposition of Audrey Ren) to the Declaration of Melissa Riess in Support of Plaintiffs' Proffer of Evidence Regarding Comparability of Jurisdictions | Highlighted portions of page 117. | Highlighted portions. |
| Exhibit C (Exhibit 55 to the Deposition of Audrey Ren) to the Declaration of Melissa Riess in Support of Plaintiffs' Proffer of Evidence Regarding Comparability of Jurisdictions | Entire document | The email addresses, phone numbers, and any other contact information may be redacted. The remainder of the document shall be filed publicly as the information referenced in the emails is from over a year ago and is stale. |

| | | |
|---|---|---|
| Exhibit D (Exhibit 45 to the Deposition of Audrey Ren) to the Declaration of Melissa Riess in Support of Plaintiffs' Proffer of Evidence Regarding Comparability of Jurisdictions | Entire document | The email addresses, phone numbers, and any other contact information may be redacted. The remainder of the document shall be filed publicly as the information referenced in the emails is from over a year ago and is stale. |
| Exhibit E (Exhibit 36 to the Deposition of Andres Munoz) to the Declaration of Melissa Riess in Support of Plaintiffs' Proffer of Evidence Regarding Comparability of Jurisdictions | Entire document | The email addresses, phone numbers, and any other contact information may be redacted. The remainder of the document shall be filed publicly as the information referenced in the emails is from over a year ago and is stale. |
| Trial Exhibit No. 20: LYFT00009579LYFT00009587 [Ex. 48 to deposition of Audrey Ren, document titled "WAV"] | Highlighted portions of pages 1, 3, 4, 5, 6, 7. | Highlighted portions of: Page 3 ("only has . . . week]" and "where . . . cost)"); Page 5 ("we . . . service)" and "no . . . length"); Page 6 (highlighted portion in paragraph beginning "Validate financial and operational . . ."); Page 7 ("Cost of opting out" and "of not complying" columns only). |

| | | |
|---|---|---|
| Trial Exhibit No. 21: LYFT000028668LYFT000028692 [Ex. 46 to deposition of Audrey Ren, Powerpoint presentation titled "WAV National Strategy"] | Highlighted portions of pages 3-5, 7, 8, 10, 11, 12, 13, 14, 15, 17, 20, 21, 22, 23, 24. | Highlighted portions of: Page 3 ("Failure . . . 8" (bullet five) and highlighted portion following "Phase Four"); Page 4; Page 14; Page 15 (Only the text below "Incremental Tech Considerations") Page 24 (Left-hand column of "Shape Demand" only). |
| Trial Exhibit No. 61: LYFT00001967LYFT000001979 [Ex. 4 to deposition of Andres Muñoz, May 1, 2019 contract between Lyft and First Transit, titled "Wheelchair Accessible Vehicle Agreement"] | Entire document. | The entire document shall be filed publicly except for portions of: Page 1 (Section 2.1: "Drivers . . . with the Drivers."); Page 12 ("Company shall provide . . . in the Territory"; "Company agrees to . . . 9:00 PM" and "Lyft shall pay . . . $58.62"). |
| Trial Exhibit No. 64: LYFT000032148LYFT00032160 [Ex. 66 to deposition of Isabella Gerundio, document titled "Lyft Wheelchair Accessible Vehicles Overview"] | Highlighted portions of pages 5, 6, 7, 8, 9, and 10. | Highlighted portions of: Page 5 ("(note: . . . anyway)"); Page 6 ("because the majority . . . to specific drivers."); Page 7 ("originally an . . . to return."); Page 8; Page 9; Page 10 (Reserved . . . there [sic] system" and "Due to . . . location data."). |

8

| | | |
|---|---|---|
| Trial Exhibit No. 79: April 30, 2021 Expert Report of Alice Grossman, Ph.D. | Highlighted portions of pages 14, 15, 16, 17, 21, 22, 23, 24, 25, and 28. | As stated above, all contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |
| Trial Exhibit No. 95: Exhibit 55 to the deposition of Audrey Ren, email with subject line "BKN WAV progress to date" [LYFT00003988] | Highlighted portions. | The email addresses, phone numbers, and any other contact information may be redacted. The remainder of the document shall be filed publicly as the information referenced in the emails is from over a year ago and is stale. |
| Trial Exhibit No. 101: July 31, 2020 Expert Report of Marc Rysman (including Figures and Tables) | Highlighted portions of PDF pages 14, 15, 17, 20, 22, 37, 54, 55, 59, and 60. | None. |
| Trial Exhibit No. 106: Lyft Business Model 101 presentation | Highlighted portions of pages 12, 14, and 15. | Highlighted portions of pages 14 and 15. |
| Trial Exhibit No. 150: Contract between Lyft and Hertz dated February 24, 2020 (LYFT00032426) | Entire document. | As stated above, the entire document shall be filed publicly except for portions of: Sections 3.1; Section 3.2 (*only* "Hertz will acquire . . . follows:"); Section 5.1; Section 6.1–6.3; Schedule 3. |

9

| Trial Exhibit No. 177: May 10, 2021 Rebuttal Expert Report of Marc Rysman, Ph.D. (including Figures and Tables) | Highlighted portions of pages 10, 14, 15, 22, and 23. | As stated above, all contents shall be filed publicly, except for the portions quoting materials that this order has otherwise allowed under seal. |

**IT IS SO ORDERED.**

Dated: December 17, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE